# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00200-CR

**Kenneth Emmanuel Darden, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 69823, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth Emmanuel Darden, Jr. pled guilty in a bench trial to the charge of evading arrest with a motor vehicle. *See* Tex. Penal Code § 38.04(b)(2)(A). The court sentenced appellant in accordance with the plea agreement to a three-year deferred adjudication probation. One year later, the State filed a motion to adjudicate, alleging nineteen violations of the deferred adjudication. Appellant pled true to the allegations. The trial court revoked his probation, adjudicated him guilty of the offense of evading arrest with a motor vehicle, and sentenced him to five years in prison. *See id.* § 12.34 (punishment range for third-degree felony is minimum of two years and maximum of ten years).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that

there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 80-82 (1988). Appellant's counsel has represented to the Court that he provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record and file a pro se brief; and provided appellant with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed, including a motion for access to the appellate record.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals. *Id.* R. 68.3(b). Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4. Once this Court receives notice that a petition has been filed, the filings in this case will be forwarded to the Court of Criminal Appeals. *See id.* R. 68.7.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed   January 13, 2015

Do Not Publish